IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| DALLAS ORIENTAL EXPRESS, INC. and | ) | |
| GMY MANAGEMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, her Complaint against Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff KATELYN HANKS (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, DALLAS ORIENTAL EXPRESS, INC. (hereinafter "DALLAS ORIENTAL EXPRESS, INC."), is a Texas company that who transacts business in the State of Texas and within this judicial district.

8. Defendant, DALLAS ORIENTAL EXPRESS, INC., may be properly served with process via its registered agent for service, to wit:  Fu Bin Lien, Registered Agent, 5905 Woodwind Drive, Plano, TX  75093.

9. Defendant, GMY MANAGEMENT, INC. (hereinafter "GMY MANAGEMENT, INC."), is a Texas company that who transacts business in the State of Texas and within this judicial district.

10. Defendant, GMY MANAGEMENT, INC., may be properly served with process via its registered agent for service, to wit:  Guey-Ming Yeh, Registered Agent, 7508 Stoney Point Drive, Plano, TX  75025.

**FACTUAL ALLEGATIONS**

11.     On or about January 27, 2020, Plaintiff was a customer at "Oriental Express," a business located at 1600 N. Plano Road, Richardson, TX  75081, referenced herein as the "Oriental Express."  Attached is a receipt documenting Plaintiff's purchase.  *See* Exhibit 1.  Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

12.     Plaintiff also visited the restaurant Oriental Express as a young adult with her father multiple times, her fond memories brings her back.

13.     Oriental Express is operated by Defendant, DALLAS ORIENTAL EXPRESS, INC.

14.     DALLAS ORIENTAL EXPRESS, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Oriental Express.

15.     GMY MANAGEMENT, INC. is the owner or co-owner of the real property and improvements that Oriental Express is situated upon and that is the subject of this action, referenced herein as the "Property."

16.     Plaintiff lives 5 miles from Oriental Express and the Property.

17.     Plaintiff's access to the business(es) located at 1600 N. Plano Road, Richardson, TX  75081, Dallas County Property Appraiser's parcel identification number 422209400A0020000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Oriental Express and the Property, including those set forth in this

Complaint.

18. Plaintiff has visited Oriental Express and the Property at least three times before as a customer and advocate for the disabled, one time in January 2020. Plaintiff intends on revisiting Oriental Express and the Property within six months after the barriers to access detailed in this Complaint are removed and Oriental Express and the Property are accessible again. The purpose of the revisit is to be a return customer, to determine if and when Oriental Express and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

19. Plaintiff intends on revisiting Oriental Express and the Property to purchase goods, food and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

20. Plaintiff travelled to Oriental Express and the Property as a customer and as an independent advocate for the disabled, encountered and/or was made aware of the barriers to access at Oriental Express and the Property that are detailed in this Complaint, engaged or was dissuaded from engaging those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Oriental Express and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

22. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

25. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26. Oriental Express is a public accommodation and service establishment.

27. The Property is a public accommodation and service establishment.

28. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

30. Oriental Express must be, but is not, in compliance with the ADA and ADAAG.

31. The Property must be, but is not, in compliance with the ADA and ADAAG.

32. Plaintiff has attempted to, and has to the extent possible, accessed Oriental Express and the Property in her capacity as a customer of Oriental Express and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Oriental Express and the Property that preclude and/or limit her access to Oriental Express and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more

specifically set forth in this Complaint.

33. Plaintiff intends to visit Oriental Express and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Oriental Express and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Oriental Express and the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Oriental Express and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., are compelled to remove all physical barriers that exist at Oriental Express and the Property, including those specifically set forth herein, and make Oriental Express and the Property accessible to and usable by Plaintiff and other persons with disabilities.

36. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and/or was made aware of prior to filing this lawsuit that precluded and/or potentially limited Plaintiff's access to

Oriental Express and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) On the eastern side of the Property behind Unit 500, the accessible route does not have a level turning area. As a result, the walking surfaces of the accessible route have turning space with excessive changes in level in violation of Section 304.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(ii) On the eastern side of the Property behind Unit 500 leading from the accessible parking spaces, the walking surfaces of the accessible route has a slope in excess of 1:20 in violation of Section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(iii) For multiple areas of the Property, there is an excessive vertical rises along the accessible route or path in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(iv) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are 226 parking spaces on the Property, yet only four (4) accessible parking spaces. According to section 208.2 of the 2010 ADAAG Standards, there should be seven (7) accessible

parking spaces on the Property. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(v) At the entrance to Orient Express, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(vi) Inside Orient Express, the inner door of the accessible entrance lacks a clear minimum maneuvering clearance due to the improperly close proximity of the door hardware to the adjacent wall in violation of Section 404.2.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to access the interior of the Property.

(vii) Inside Orient Express, there are sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation would make it difficult for Plaintiff to properly transact business at the Property.

(viii) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access routes coupled with the close proximity of bushes and other obstacles, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified

        by Section 403.5.1 of the 2010 ADAAG Standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(ix)    Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the close proximity of bushes and other obstacles, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(x)    There are numerous areas of the Property where the walking surfaces of the accessible route have excessive slope in violation of Section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)    Near Unit 1200, the walking surfaces of the accessible route have cross slope exceeding 1:48 in violation of Section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xii)    Near Unit 1200, the walking surfaces of the accessible route have turning space with excessive changes in level, due to excessive slope, in violation of Section 304.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xiii)  There are changes in level in the Property exceeding ½ (one-half) inch that are not accessible ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 2 (two) inch vertical rise at the entrance to Unit 600, thus rendering the interior of this unit of the Property, at best, dangerously accessible, at worst, totally inaccessible. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xiv)  There are changes in level in the Property exceeding ½ (one-half) inch that are not accessible ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 1.5 (one and one half) inch vertical rise at the threshold to Unit 500, thus rendering the interior of this unit of the Property, at best, dangerously accessible, at worst, totally inaccessible. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xv)  The entrances to Units 500 and 600 do not comply with section 404 and are not on an accessible route in compliance with section 402, this is a violation of section 206.3 of the 2010 ADAAG standards.  This violation would make it difficult for Plaintiff to access these units like an able bodied individual would.

(xvi)  There is not a single accessible route connecting the accessible facilities, accessible elements and accessible spaces on this site, this is a violation of section 206.2.2 of the 2010 ADAAG Standards.  This violation would make it difficult for Plaintiff to access these units like an able bodied individual would.

(xvii)  The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xviii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**ORIENT EXPRESS RESTROOMS**

(i) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This would make it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The centerline of the toilet is located more than 19 inches from the side wall in violation of section 604.2 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to safely transfer from her chair to the toilet as the grab bars are too far away.

(vi) The paper towel dispenser actionable mechanism has a height exceeding 48 inches from the finished floor, this is a violation of section 308.2 of the 2010

      ADAAG Standards.  This violation would make it difficult for Plaintiff to reach the paper towels.

37. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Oriental Express and the Property.

38. Plaintiff requires an inspection of Oriental Express and the Property in order to determine all of the discriminatory conditions present at Oriental Express and the Property in violation of the ADA.

39. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.  All of the violations alleged herein are readily achievable to modify to bring Oriental Express and the Property into compliance with the ADA.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Oriental Express and the Property is readily achievable because the nature and cost of the modifications are relatively low.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Oriental Express and the Property is readily achievable because Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., have the financial resources to make the necessary modifications as the market value of the Property is listed by the Dallas Central Property Appraiser at $2,899,820.00.

43. Upon information and good faith belief, Oriental Express and the Property have been altered since 2010.

44. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at and Oriental Express and the Property, including those alleged herein.

46. Plaintiff's requested relief serves the public interest.

47. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

48. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

49. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., to modify Oriental Express and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, DALLAS ORIENTAL EXPRESS, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, GMY MANAGEMENT, INC., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, DALLAS ORIENTAL EXPRESS, INC. and GMY MANAGEMENT, INC., to (i) remove the physical barriers to access and (ii) alter Oriental Express and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 26, 2020.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates

             12222 Merit Drive, Suite 1200
             Dallas, TX 75251
             Tel: (214) 855-1850
             Fax: (214) 720-6074
             emil@texaslaw.com